**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:14-cv-00180-MR**
**[CRIMINAL CASE NO. 1:07-cr-00033-MR-DLH-4]**

| | | |
|---|---|---|
| **TICO LOMBARD FLEMING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* Motion to Vacate, Set Aside or Correct Sentence, which is filed pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed as successive.

I.    **BACKGROUND**

On December 3, 2007, Petitioner was sentenced by the Honorable Lacy H. Thornburg to a term of 210 months' imprisonment following Petitioner's conviction on one count of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). [Criminal Case No. 1:07-cr-00033, Doc. 194: Judgment in a Criminal Case]. Petitioner did not appeal from this judgment.

Instead, on November 14, 2008, Petitioner filed a timely § 2255 motion and therein raised three claims for ineffective assistance of counsel[1] and a claim that his guilty plea was not knowingly and voluntarily entered. Notably, Petitioner did not seek to vacate his conviction; rather, he merely sought to be resentenced without the career offender designation. [Civil Case No. 1:08-cv-00250-MR, Doc. 1-2: Memorandum at 30]. The Court rejected each of Petitioner's claims and dismissed his § 2255 motion. [Id., Doc. 19: Memorandum of Decision and Order]. On May 1, 2012, the Fourth Circuit dismissed Petitioner's appeal. United States v. Fleming, 472 F. App'x 165 (4th Cir. 2012) (unpublished). Petitioner filed the present motion by placing it in the prison mailing system on July 15, 2014. [Doc. 1].

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an

---

[1] In particular, Petitioner claimed that his counsel was ineffective in failing to challenge the sufficiency of the conspiracy charge, for failing to challenge the Government's alleged noncompliance with 21 U.S.C. § 851k, and for failing to challenge the calculation of his offense level. [Civil Case No. 1:08-cv-00250-MR, Doc. 1-2: Memorandum].

evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Petitioner contends that he is entitled to relief from his sentence because he no longer qualifies as a career offender, citing the Fourth Circuit's *en banc* decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), which was held to apply retroactively on collateral review in Miller v. United States, 735 F.3d 141 (4th Cir. 2013), and the Fourth Circuit's decision in Whiteside v. United States, 748 F.3d 541, reh'g en banc granted, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain —

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

The Court notes that Petitioner has already filed an unsuccessful § 2255 motion, and he has provided no evidence that he has obtained the necessary authorization to file this second § 2255 in which he challenges the same judgment. Further, after examining Petitioner's § 2255 motion, the Court finds Petitioner's reliance on <u>Miller v. United States</u>, 735 F.3d 141 (4th Cir. 2013) is misplaced.  Although the <u>Miller</u> Court held that <u>Simmons</u> applied retroactively to cases on collateral review, it did not declare that the Supreme Court had determined that a new constitutional rule of law applied retroactively so as to satisfy the gatekeeping provision of § 2255(h)(2).

Likewise, Petitioner is not entitled to the benefit of the recent Fourth Circuit opinion in <u>Whiteside v. United States</u>, 748 F.3d 541 (4th Cir. 2014). In that case, the Court held, in a vigorously contested 2-1 decision[2], that an erroneous application of the career offender enhancement could represent a fundamental miscarriage of justice that was cognizable on collateral review.  The petitioner in <u>Whiteside</u> had never filed a § 2255 motion prior to the one at issue in that case, and thus, the Court had did not consider (and in fact, had no reason to consider) whether the provisions of § 2255(h)(2)

---

[2] The Court notes that the Fourth Circuit recently granted the Government's petition for rehearing *en banc*. <u>Whiteside v. United States</u>, 748 F.3d 541, <u>reh'g en banc granted</u>, No. 13-7152, 2014 WL 3377981 (4th Cir. July 10, 2014).

would be satisfied such that this issue could be raised in a successive § 2255 motion.

Based on the foregoing, the Court finds that it is without jurisdiction to consider the merits of the present Section 2255 motion and it will be dismissed.  See, e.g, In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc); United States v. Winestock, 340 F.3d 200, 205 (2003).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** as a successive petition.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: July 28, 2014

Martin Reidinger
United States District Judge