# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Criminal File No. 1:07-cr-00033-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| TICO LOMBARD FLEMING, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Unopposed Motion for Time Served Sentence [Doc. 652].

On April 3, 2007, the Defendant was charged, along with eleven co-defendants, with conspiring to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One). [Doc. 1]. On June 22, 2007, the Defendant entered into a Plea Agreement with the Government wherein he agreed to plead guilty to the conspiracy charge. [Doc. 113]. In the Plea Agreement, the parties stipulated that the amount of cocaine base that was known to or reasonably foreseeable by him was at least 5 grams but less than 50. [Id.]. The Government subsequently filed a § 851 Information identifying one of Petitioner's prior convictions as a felony drug offense, thereby increasing the

Defendant's statutory maximum penalty to a minimum of twenty years to life imprisonment pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.[1]  [Doc. 126].

The United States Probation Office prepared a Presentence Report (PSR) in advance of sentencing identifying the Defendant as a career offender.   The PSR calculated a total offense level of 34 and a criminal history category of VI.   [Doc. 635].   The PSR further indicated that the corresponding advisory range of imprisonment was 262 to 327 months.  [Id.].

Prior to sentencing, the Government filed a Motion for a Downward Departure, requesting a departure the equivalent of two offense levels, resulting in an equivalent guideline range of 210 to 262 months' imprisonment.  [Doc. 189 at 2-3].

In November 2007, the Court accepted the findings in the PSR without objection, including the parties' stipulation that the Defendant was responsible for more than 5 grams but less than 50 grams of cocaine base. The Court sentenced the Defendant to a term of 210 months' imprisonment. [Doc. 194].  The Defendant did not file a direct appeal.

While incarcerated in the Eastern District of North Carolina, the Defendant filed a habeas petition under 28 U.S.C. § 2241, arguing that the

---

[1] The Government previously had filed an Information identifying three of the Defendant's prior convictions as felony drug offenses [Doc. 92], but later filed an Amended Information identifying only one prior conviction as a felony drug offense [Doc. 126].

increase to his statutory sentencing range was unlawful under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and that he was entitled to a resentencing in light of United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).  The Eastern District of North Carolina dismissed the Defendant's § 2241 motion without requesting a response from the Government, and the Defendant appealed.  On appeal in the Fourth Circuit, the Government conceded that the Defendant satisfied the Wheeler test and that the Eastern District had erred in denying his motion.  The Fourth Circuit thereafter remanded the case.  On January 4, 2020, the Eastern District granted the Defendant § 2241 motion, vacated his sentence, and transferred the case to this Court for a resentencing.  [Doc. 648].

Based on the findings in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), two of the defendant's prior North Carolina drug convictions (96CRS5295 and 96CRS8273) are not "felonies" for the purpose of enhanced sentencing. In addition, although at the time of sentencing the Defendant was subject to a 21 U.S.C. 851 enhancement, he no longer has the requisite prior felony drug convictions to support a mandatory minimum sentence of 10 years.  In light of these findings, the Defendant is subject to a sentence of 5 to 40 years' imprisonment under 21 U.S.C. § 841(b)(1)(B) and a revised guideline range of 77 to 96 months.  [See Doc. 653].

The Defendant has a total of 174 months in credited time.  [Id. at 4].
Defense counsel and the Government both agree that the defendant is
eligible for a time-served sentence under either Wheeler or the First Step
Act.  In light of the Court's findings and the agreement between the parties,
the Court finds that a time-served sentence is appropriate.

**IT IS, THEREFORE, ORDERED** that the Defendant's sentence is
hereby reduced to Time Served plus ten (10) days and the term of
supervised release is hereby reduced to four (4) years.  All other terms and
conditions of the Defendant's Judgment [Doc. 194] shall remain in full force
and effect.

The Clerk is respectfully directed to prepare an Amended Judgment in
accordance with this Order.

The Clerk is further directed to provide copies of this Order to the
Defendant, counsel for the Defendant, the United States Attorney, the United
States Marshals Service, the United States Probation Office, and the United
States Bureau of Prisons.

**IT IS SO ORDERED.**

Signed: February 25, 2020

Martin Reidinger
United States District Judge