# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CRIMINAL CASE NO. 1:07-cr-00033-MR-WCM-4

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | **O R D E R** |
| TICO LOMBARD FLEMING, ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Petition for Warrant for Offender Under Supervision and for an Order Successfully Terminating Supervised Release, Based Upon Numerous Grounds, Not Limited to Imposition of Sentence Inconsistent with the Fair Sentencing Act of 2010, the First Step Act, the Eighth Amendment & Principles of Justice and Fairness" [Doc. 689].

On April 3, 2007, the Defendant was charged, along with eleven co-defendants, with conspiring to possess with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One). [Doc. 1]. The Defendant pled guilty to the conspiracy charge and was sentenced to a term of 210 months' imprisonment. [Docs. 113, 194].

In February 2020, the Defendant filed an unopposed motion for imposition of a time-served sentence pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). The Court granted the Defendant's motion and entered an Amended Judgment imposing a sentence of time served plus 10 days, to be followed by four years of supervised release. [Doc. 659]. The Court specifically found that the Defendant was subject to a sentence of 5 to 40 years' imprisonment under 21 U.S.C. § 841(b)(1)(B) and a revised guideline range of 77 to 96 months. [See Doc. 658]. The Court also found that the Defendant had a total of 174 months in credited time. [Id.].

On May 10, 2022, the Probation Office issued a petition alleging that the Defendant had violated numerous terms of his supervised release. [Doc. 684].

The Defendant filed the present Motion to Dismiss the petition on June 5, 2022. [Doc. 689]. For grounds, the Defendant argues that dismissal of the petition and the termination of supervised release are warranted because the time he previously served in custody (174 months) exceeded the revised guideline range (77 to 96 months). [Id.].

The Defendant's motion must be denied. While it is true that the Defendant previously served 174 months' imprisonment, and that term

2

exceeded what the Government conceded (at that time) to be the revised guideline range of 77 to 96 months, his time-served sentence falls within the bounds of the statutory sentencing range of 5 to 40 years' imprisonment set forth in 21 U.S.C. § 841(b)(1)(B) and is therefore a lawful sentence. Moreover, in light of <u>Concepcion v. United States</u>, ___ U.S. ___ *14 n.6 (June 27, 2022), it is clear that said calculation of the revised Guidelines Range was inconsistent with the directives of the First Step Act. As such, the entire basis of the Defendant's argument fails for this reason as well.

The Defendant provides no legal justification for dismissing the petition, nor an argument for why the four-year term of supervised release is unlawful. While the Defendant raises equitable arguments for why the Court should not impose additional prison time for his many violations of the terms of his supervised release, such arguments are more appropriately made at sentencing and are not grounds for dismissal of the petition.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Dismiss Petition . . ." is **DENIED**.

**IT IS SO ORDERED.**   Signed: July 8, 2022

Martin Reidinger
Chief United States District Judge